IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
STEPHEN LOGERFO,

                        Plaintiff,

          -against-

JP MORGAN CHASE BANK, NATIONAL
ASSOCIATION, JP. MORGAN CHASE BANK
N.A. and THE CHASE MANHATTAN BANK
N.A.,

                    Defendants,

------------------------------------------------------------------X
JP MORGAN CHASE BANK NATIONAL
ASSOCIATION,

                 Third-Party Plaintiff,

          -against-

UNITY ELECTRIC CO., INC., UNI-DATA
COMMUNICATIONS, INC. UNITY ELECTRIC
LLC, UNITY INTERNATIONAL GROUP, INC.,
ENGIE NORTH AMERICA, INC. and ENGIE
NYC INC.

                Third-Party Defendants,

------------------------------------------------------------------X

CASE NO.
2:19-CV-02019-DRH-AYS

VERIFIED ANSWER TO
THIRD-PARTY COMPLAINT

      Third-Party Defendant, UNITY ELECTRIC CO., INC., UNITY ELECTRIC, LLC, AND

UNITY INTERNATIONAL GROUP, INC., by their attorneys, the LAW OFFICES OF KEVIN

P. WESTERMAN, as and for their Verified Answer to the Third-Party Complaint, respectfully

alleges upon information and belief as follows:

**THE PARTIES**

        **1.**    Denies knowledge or information sufficient to form a belief as to the truth
of the allegations contained in paragraphs "1", of the complaint.

        **2.**    Denies knowledge or information sufficient to form a belief as to the truth
of the allegations contained in paragraphs "2", of the complaint.

3.      Denies each and every allegation contained in paragraph "3", of the complaint and respectfully refers all questions of fact and law to the Honorable Court.

4.      Denies each and every allegation contained in paragraph "4", of the complaint and respectfully refers all questions of fact and law to the Honorable Court.

5.      Denies each and every allegation contained in paragraph "5", of the complaint and respectfully refers all questions of fact and law to the Honorable Court.

6.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "6", of the complaint.

7.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "7", of the complaint.

8.      Denies each and every allegation contained in paragraph "8", but admits that defendant UNITY ELECTRIC CO., INC., employed plaintiff at the time of this accident.

## JURISDICTION AND VENUE

9.      Denies each and every allegation contained in paragraph "9", of the complaint and respectfully refers all questions of fact and law to the Honorable Court.

10.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "10", of the complaint.

## PROCEDURAL BACKGROUND

11.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "11", of the complaint.

12.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "12", of the complaint.

13.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "13", of the complaint.

14.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "14", of the complaint.

15.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "15", of the complaint.

## FACTUAL ALLEGATIONS

16.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "16", of the complaint.

17.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "17", of the complaint.

18.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "18", of the complaint.

19.     Denies each and every allegation contained in paragraph "19", of the complaint and respectfully refers all questions of fact and law to the Honorable Court.

20.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "20", of the complaint.

21.     Denies each and every allegation contained in paragraph "21", of the complaint.

## ANSWERING THE FIRST THIRD-PARTY CLAIM AGAINST
## THE UNITY THIRD-PARTY DENFENDANTS

22.     As and for its response to paragraph "22" of the complaint, except as herein before admitted or otherwise pleaded, denies upon information and belief each and every allegation repeated, reiterated and/or re-alleged in paragraphs "1" through "21" of the complaint.

23.     Denies each and every allegation contained in paragraph "23", of the complaint.

24.     Denies each and every allegation contained in paragraph "24", of the complaint.

## ANSWERING THE SECOND THIRD-PARTY CLAIM AGAINST THE UNITY THIRD-PARTY DENFENDANTS

25.     As and for its response to paragraph "25" of the complaint, except as herein before admitted or otherwise pleaded, denies upon information and belief each and every allegation repeated, reiterated and/or re-alleged in paragraphs "1" through "25" of the complaint.

26.     Denies each and every allegation contained in paragraph "26", of the complaint.

## ANSWERING FOR THE THIRD-PARTY CLAIM AGAINST THE UNITY THIRD-PARTY DEFENDANTS

27.     As and for its response to paragraph "27" of the complaint, except as herein before admitted or otherwise pleaded, denies upon information and belief each and every allegation repeated, reiterated and/or re-alleged in paragraphs "1" through "26" of the complaint.

28.     Denies each and every allegation contained in paragraph "28", of the complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

If any injuries and damages were sustained by the plaintiff and third-party plaintiff at the time and place and in the manner alleged in the Complaint, such injuries and damages are attributable in whole or in part to the culpable conduct and/or contributory and/or comparative negligence of the plaintiff and third-party plaintiff.

If any damages are recovered against this answering third-party defendant, the amount of such damages shall be diminished in the proportion which the culpable conduct and/or negligence attributable to the plaintiff bears to the culpable conduct causing the damages.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Upon information and belief, all of the hazards and risks incident to the circumstances set forth in the pleading were open, obvious and apparent and were assumed by the plaintiff/third-party plaintiff.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Defendant claims all of the benefits set forth in §4545 of the CPLR, for replacement, or indemnification of costs, medical care, rehabilitation services or loss of income from any collateral sources.  Any recovery on the complaint of the plaintiff shall be reduced by the amount paid or reimbursed by collateral sources in accordance with CPLR §4545(c).

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Pursuant to CPLR Article 16, the liability of this defendant to the plaintiff/third-party plaintiff for non-economic loss shall not exceed the share of this defendant determined in accordance with the relative culpability of each person or party causing or contributing to the total liability for non-economic loss.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

The damages sustained by the plaintiff/third-party plaintiff, if any, were caused in whole or in part by the culpable conduct of third parties not under the control of this answering defendant.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Plaintiff's complaint and third-party plaintiff's complaint fail to state a cause of action upon which relief may be granted as against this answering third-party defendant.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

That upon information and belief, the injuries allegedly sustained by plaintiff were the result of superseding and/or intervening acts of negligence by persons over whom third-party defendant had neither control nor the right of control.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

That the plaintiff and third-party plaintiff are barred from maintaining this action by the Doctrine of Collateral Estoppel and common law principles of equity.

**AS AND FOR AN NINTH AFFIRMATIVE DEFENSE**

The liability of the third-party defendant, if any, does not exceed fifty percent (50%) of the liability assigned to all persons, if any.

**AS AND FOR AN TENTH AFFIRMATIVE DEFENSE**

The Court should not proceed in the absence or a person who should be a party, or in the absence of an indispensable party, and the action should be dismissed for failure to join such party.

**AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE**

The Third-Party Complaint should be dismissed because the injuries alleged by plaintiff/third-party plaintiff was caused by intervening or superseding causes and any acts or omissions of which Third-Party Defendant UNITY ELECTRIC CO., INC., UNITY ELECTRIC, LLC, AND UNITY INTERNATIONAL GROUP, INC., was not the proximate cause of the injuries alleged therein.

**AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE**

The third-party defendants UNITY ELECTRIC CO., INC., UNITY ELECTRIC, LLC, AND UNITY INTERNATIONAL GROUP, INC., states that plaintiff and/or third-party plaintiff

could have avoided the injuries and damages alleged in the Verified Complaint/Third-Party Complaint.

## AS AND FOR AN THIRTEENTH AFFIRMATIVE DEFENSE

The third-party defendants UNITY ELECTRIC CO., INC., UNITY ELECTRIC, LLC, AND UNITY INTERNATIONAL GROUP, INC., states that underlying plaintiff and third-party plaintiff failed to take any or sufficient action, or such action as was necessary, to mitigate or minimize the injuries and damages alleged or the conditions that allegedly gave rise to the injuries or damages alleged in the Verified Complaint and Third-Party Complaint.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

The third-party defendant UNITY ELECTRIC CO., INC., UNITY ELECTRIC, LLC, AND UNITY INTERNATIONAL GROUP, INC., did not breach any contractual or common law duties to the plaintiff/third-party plaintiffs and/or to any parties or non-parties to this action.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

There is no privity of contract or mutuality of agreement between plaintiff and third-party plaintiffs and third-party defendant UNITY ELECTRIC CO., INC., UNITY ELECTRIC, LLC, AND UNITY INTERNATIONAL GROUP, INC., pursuant to which UNITY ELECTRIC CO., INC., UNITY ELECTRIC, LLC, AND UNITY INTERNATIONAL GROUP, INC., may be liable to plaintiff.

## AS AND FOR AN SIXTEENTH AFFIRMATIVE DEFENSE

The contract provisions relied upon by third-party plaintiff are void and unenforceable under New York law.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

Third-party defendants UNITY ELECTRIC CO., INC., UNITY ELECTRIC, LLC, AND UNITY INTERNATIONAL GROUP, INC., complied with all of its obligations under any enforceable contract entered into with third-party plaintiff.

## AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

Third-party defendants UNITY ELECTRIC CO., INC., UNITY ELECTRIC, LLC, AND UNITY INTERNATIONAL GROUP, INC., is not a proper Labor Law defendant and plaintiff's claims under the Labor Law do not apply to UNITY ELECTRIC CO., INC., UNITY ELECTRIC, LLC, AND UNITY INTERNATIONAL GROUP, INC.

## AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

UNITY ELECTRIC CO., INC., UNITY ELECTRIC, LLC, AND UNITY INTERNATIONAL GROUP, INC., did not breach any legal duties to third-party plaintiff.

## AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

That the underlying plaintiff's condition and injuries were the cause of the negligence, act, omissions, breach of legal duties of and acts/omissions of the third-party plaintiffs which caused, created, and contributed to the condition which caused plaintiff's accident.

## AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

That the third-party claims are barred under New York Workers Compensation law including doctrines of grave injury and Special Employee.

## AS AND FOR A FIRST COUNTER-CLAIM AGAINST DEFENDANT/THIRD PARTY PLAINTIF, JP MORGAN CHASE BANK NATIONAL ASSOCIATION

### (COMMON LAW INDEMNIFICATION)

That although this answering third-party defendant has denied the allegations of wrongdoing asserted against it by the defendant/third-party plaintiff, nevertheless, should said third-party defendant be found liable to the defendant/third-party plaintiff, such liability will have been the result of the active and affirmative wrongdoing of defendants/third-party plaintiffs, JP MORGAN CHASE BANK NATIONAL ASSOCIATION, while the wrongdoing of this answering, third-party defendant will have been passive and secondary. By reason of the foregoing, this answering third-party defendant is entitled to full indemnity from defendants/third-party plaintiffs, JP MORGAN CHASE BANK NATIONAL ASSOCIATION.

## AS AND FOR A SECOND COUNTER-CLAIM AGAINST DEFENDANT/THIRD-PARTY PLAINTIFF, JP MORGAN CHASE BANK NATIONAL ASSOCIATION

### (CONTRIBUTION)

That although this answering third-party defendant has denied the allegations of wrongdoing asserted against it by the defendant/third-party plaintiff, nevertheless, should said defendant be found liable to the defendants/third-party plaintiffs and should said third-party defendant not be awarded full indemnity on the first counter-claim of this verified answer, then this answering third-party defendant is entitled to an apportionment of fault against defendants/third-party plaintiffs, JP MORGAN CHASE BANK NATIONAL ASSOCIATION, in accordance with the relative degrees of fault or wrongdoing of the parties to this action or as otherwise provided under Articles 14 and 16 of the CPLR.

By reason of the foregoing, this answering third-party defendant is entitled to contribution or partial indemnity from the defendants/third-party plaintiffs, JP MORGAN CHASE BANK NATIONAL ASSOCIATION., in accordance with the relative degrees of fault or wrongdoing of the parties to this action or as otherwise provided under Articles 14 and 16 of the CPLR.

## AS AND FOR A THIRD COUNTER-CLAIM AGAINST DEFENDANT/THIRD-PARTY PLAINTIFF, JP MORGAN CHASE BANK NATIONAL ASSOCIATION

### (CONTRACTUAL INDEMNIFICATION)

That an agreement was made by and between the answering defendants/third-party plaintiffs, on the one part, and third-party defendant, on the other part, pursuant to which, *inter alia,* defendants/third-party plaintiffs, JP MORGAN CHASE BANK NATIONAL ASSOCIATION, undertook to indemnify, fully or partially, the answering third-party defendant for loss or damage arising out of or in connection with the aforesaid agreement. The answering third-party defendant begs leave to refer to the original of such agreement for its terms and conditions.

By reason of the foregoing agreement, the answering third-party defendant is entitled to either complete indemnification or partial indemnity by contract from defendants/third-party plaintiffs, JP MORGAN CHASE BANK NATIONAL ASSOCIATION., for any verdict, judgment or settlement reached in this action against the answering third-party defendant, together with costs, disbursements and attorneys' fees.

By reason of the foregoing, the answering defendant is entitled to full indemnity from the aforementioned defendants.

WHEREFORE, the third-party defendant(s), UNITY ELECTRIC CO., INC., UNITY ELECTRIC, LLC, AND UNITY INTERNATIONAL GROUP, INC, demand(s) judgment dismissing the complaint herein and further demands apportionment and judgment over against the third-party plaintiff, JP MORGAN CHASE BANK NATIONAL ASSOCIATION, for all or part of any sums recovered by the plaintiff against the defendant with disbursements, counsel fees and other expenses incurred by the defendant in the defense of this action; and if the plaintiff is found to have contributed to the accident that any damages be reduced in proportion of which the plaintiff contributed to the accident and damages with the costs and disbursements of this action.

Dated: Garden City, New York
April 22, 2020

> LAW OFFICES OF KEVIN P.
> WESTERMAN
>
> _____
> By: MICHAEL C. O'MALLEY
> Attorneys for Defendants
> UNITY ELECTRIC CO., INC., UNITY
> ELECTRIC, LLC, AND UNITY
> INTERNATIONAL GROUP, INC.,
> 990 Stewart Avenue Suite 400
> Garden City, New York 11530
> (516) 493-4501
> File No. 20-004573
> omallm3@nationwide.com

TO:

STAGG WABNIK LAW GROUP LLP
Attorneys Defendants Third-Party Plaintiffs
JP MORGAN CHASE BANK NATIONAL ASSOCIATION JP
MORGAN CHASE BANK NA AND THE CHASE MANHATTAN BANK NA
40 Franklin Avenue Suite 300
Garden City, New York 11530
516-812-4500

JOSEPH G DELL
DELL & DEAN, PLLC
Attorneys for Plaintiff
STEPHEN LOGERFO
1225 Franklin Avenue Suite 450
Garden City, New York 11530

## ATTORNEY VERIFICATION

STATE OF NEW YORK        )
                                ss:
COUNTY OF NASSAU        )

The undersigned, an attorney admitted to practice in the Courts of the State of New York, states that deponent is the attorney of record for the third-party defendant UNITY ELECTRIC CO., INC., UNITY ELECTRIC, LLC, AND UNITY INTERNATIONAL GROUP, INC., in the within action; deponent has read the foregoing **VERIFIED ANSWER TO THIRD PARTY COMPLAINT** and knows the contents thereof; the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters deponent believes it to be true.

The grounds of deponent's belief as to all matters not stated upon deponent's own knowledge are as follows:  reports of investigations, discussions with the third-party defendant's representatives, writings, memoranda and other data in deponent's file or deponent's possession.

This verification is made by deponent and not by the third party defendant because the said defendant does not reside within the County where deponent maintains his office or his residence.

The undersigned affirms that the foregoing statements are true, under the penalties of perjury.

Dated: Garden City, New York
        March 27, 2020

_____
MICHAEL C. O'MALLEY, ESQ.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
STEPHEN LOGERFO,

                               Plaintiff,

              -against-

JP MORGAN CHASE BANK, NATIONAL
ASSOCIATION, JP. MORGAN CHASE BANK
N.A. and THE CHASE MANHATTAN BANK
N.A.,

                               Defendants,
------------------------------------------------------------------X
JP MORGAN CHASE BANK NATIONAL
ASSOCIATION,

                               Third-Party Plaintiff,

              -against-

UNITY ELECTRIC CO., INC., UNI-DATA
COMMUNICATIONS, INC. UNITY ELECTRIC
LLC, UNITY INTERNATIONAL GROUP, INC.,
ENGIE NORTH AMERICA, INC. and ENGIE
NYC INC.

                               Third-Party Defendants,
------------------------------------------------------------------X

CASE NO.
2:19-CV-02019-DRH-AYS

NOTICE TO TAKE
DEPOSITION UPON ORAL
EXAMINATION

S I R S:

     **PLEASE TAKE NOTICE,** that pursuant to Article 31 of the Civil Practice Law and

Rules, the undersigned will take the oral deposition testimony of the plaintiff STEPHEN

LOGERFO and defendants-third-party plaintiffs, as adverse parties, before a notary public at the

Law Offices of, Kevin P. Westerman, 990 Stewart Avenue Suite 400 Garden City, NY 11530 on

the **17TH day of July, 2020,  at 10:00 a.m.,** upon all of the relevant facts and circumstances

surrounding the accident which is the subject of this action, including negligence, contributory

negligence and damages; and for the purposes authorized by Rule 3111 of the Civil Practice Law

and Rules those parties are required to produce at such examinations the following: All books,

papers and records relating to said action in the possession, custody or control  of said plaintiff.

Dated: Garden City, New York
April 22, 2020

LAW OFFICES OF KEVIN P.
WESTERMAN

By:  MICHAEL C. O'MALLEY
Attorneys for Defendants
UNITY ELECTRIC CO., INC., UNITY
ELECTRIC, LLC, AND UNITY
INTERNATIONAL GROUP, INC.,
990 Stewart Avenue Suite 400
Garden City, New York 11530
(516) 493-4501
File No. 20-004573
omallm3@nationwide.com

TO:

STAGG WABNIK LAW GROUP LLP
Attorneys Defendants Third-Party Plaintiffs
JP MORGAN CHASE BANK NATIONAL ASSOCIATION JP
MORGAN CHASE BANK NA AND THE CHASE MANHATTAN BANK NA
40 Franklin Avenue Suite 300
Garden City, New York 11530
516-812-4500

DELL & DEAN, PLLC
Attorneys for Plaintiff
STEPHEN LOGERFO
1225 Franklin Avenue, Suite 450
Garden City, New York 11530
516-880-9700
File No.: 3429

## **AFFIDAVIT OF SERVICE**

STATE OF NEW YORK    )
        ss:
COUNTY OF NASSAU    )

      Dina Rajotte, being duly sworn deposes and says:  deponent is not a party to the action, is over 18 years of age and resides in Suffolk County, New York. On April 22, 2020, deponent served the within **VERIFIED ANSWER TO THIRD PARTY COMPLAINT, COUNTER-CLAIMS, AND DEPOSITION UPON ORAL EXAMINATION**

STAGG WABNIK LAW GROUP LLP
Attorneys Defendants Third-Party Plaintiffs
JP MORGAN CHASE BANK NATIONAL ASSOCIATION JP
MORGAN CHASE BANK NA AND THE CHASE MANHATTAN BANK NA
40 Franklin Avenue Suite 300
Garden City, New York 11530
516-812-4500

DELL & DEAN, PLLC
Attorneys for Plaintiff
STEPHEN LOGERFO
1225 Franklin Avenue, Suite 450
Garden City, New York 11530
516-880-9700
File No.: 3429

**attorney in this action, at the address designated by said attorney(s) within the State of New York Courts Electronic Filing System ("NYSCEF")-(CM-ECF)**

_____
Dina Rajotte

Sworn to before me this
April 22, 2020

_____
      Notary Public

*Cara R. DeMarco*
*Notary Public State of New York*
*No. 01DE6210721*
*Qualified in Nassau County*
*Commission Expires: August 31, 2021*

16

**CASE NO 2:19-CV-02019-DRH-AYS**
**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

---

**STEPHEN LOGERFO,**

                **Plaintiff**

      -against-


**JP MORGAN CHASE BANK, NATIONAL ASSOCIATION, JP MORGAN CHASE BANK, N.A. and THE CHASE MANHATTAN BANK, N.A.,**

                **Defendant**

*AND THIRD-PARTY ACTION*

---

**ANSWER TO VERIFIED THIRD-PARTY COMPLAINT, COUNTER CLAIMS WITH AFFIRMATIVE DEFENSES AND NOTICE TO TAKE DEPOSITION UPON ORAL EXAMINATION**

---

**LAW OFFICES OF KEVIN P. WESTERMAN**
**Attorneys for Defendant/Third Defendant**
**UNITY ELECTRIC CO., INC., UNITY ELECTRIC, LLC,**
**AND UNITY INTERNATIONAL GROUP, INC.**
**990 Stewart Avenue Suite 400**
**Garden City, New York 11530**
**516-493-4501**

---

**NOTICE OF ENTRY**
**SIR:  Please take notice that the within is a (certified) true copy of a**
**duly entered in the office of the Clerk of the within named Court on**        **20**
**Dated:**

---

**NOTICE OF SETTLEMENT**
**SIR:  Please take notice that an order**        **of which the within is a true copy will be**
**presented for settlement to the Hon.**        **one of the judges of the**
**within named Court, at**    **on the**    **day of**
**20**    **at**    **.M.**
**Dated:**

---

**Service of a Copy of the within**        **is hereby admitted.**
**Dated:**    **20**    _____

---